T.C. Memo. 2021-56

UNITED STATES TAX COURT

PETER M. ADLER, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13564-19.                    Filed May 10, 2021.

Peter M. Adler, pro se.

<u>Christine A. Fukushima</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  In separate notices of deficiency respondent

determined a deficiency of $16,644 and an accuracy-related penalty pursuant to

section 6662(a) of $3,329 for 2016 and a deficiency of $2,292 for 2017.  After

respondent's concession of the penalty, the only issue for consideration is whether

**[\*2]** petitioner is entitled to deduct business expenses for 2016 and 2017 (years in issue).

Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

FINDINGS OF FACT

Some of the facts are stipulated and so found. Petitioner resided in California when he timely filed his petition.

During the tax years in issue petitioner owned a consulting business called Grupo Fortuna, LLC (Grupo Fortuna). Petitioner described Grupo Fortuna as a sales and consulting business for the entertainment industry. For 2016 petitioner filed Schedule C, Profit or Loss From Business, for Grupo Fortuna, which he reported was a sales and consulting business. Petitioner reported on Schedule C expenses of $105,227 including $16,535 for travel expenses.

In 2016 petitioner was a consultant for MediaNaviCo (MediaNavi), which was a digital entertainment company. He was hired to help MediaNavi's chief financial officer (CFO), Patrick Gildea, put together deals with other businesses to help MediaNavi increase its customer base and sales. His position required travel

[*3] to and attendance at business-related conferences including retail trade shows. One of petitioner's business trips for MediaNavi was to the San Francisco area to attend a retail trade show called Shoptalk. Petitioner was initially responsible for paying the expenses, and he would deliver the receipts to Mr. Gildea. The MediaNavi accounting team would then process the receipts, and Mr. Gildea would review and approve the expenses to be reimbursed to petitioner. Another trip petitioner went on during the years in issue was to Blackfoot, Idaho, to look at land that he inherited from his father.

In 2016 NBCUniversal Media, LLC (NBCUniversal), purchased MediaNavi. Petitioner continued his consulting work for NBCUniversal. During the years in issue petitioner also performed construction work such as hauling trash and demolition. In 2016 petitioner made several payments to Jose Barraza for work done at a construction site. Petitioner did not issue any Forms W-2, Wage and Tax Statement, to employees or Forms 1099-MISC, Miscellaneous Income, to contract laborers for payments during 2016. On his Schedule C for 2016 petitioner reported $44,586 for contract labor expenses.

Petitioner and his wife timely filed Form 1040, U.S. Individual Income Tax Return, for 2016 pursuant to a valid extension. On May 1, 2019, respondent

**[*4]** issued petitioner and his wife a notice of deficiency for 2016 disallowing expense deductions for travel and contract labor.

Petitioner and his wife timely filed Form 1040 for 2017. On his Schedule C for Grupo Fortuna, petitioner reported expenses totaling $57,397. On May 1, 2019, respondent issued petitioner and his wife a notice of deficiency for 2017 disallowing deductions for $53,098 of those expenses.

OPINION

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and a taxpayer bears the burden of proving those determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner has neither claimed nor shown that he meets the specifications of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue. Section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit verification of income and expenses. See sec. 1.6001-1(a), (e), Income Tax Regs.

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business. An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a necessary expense is one that is

**[*5]** appropriate and helpful in carrying on the taxpayer's business, Welch v. Helvering, 290 U.S. at 113. A taxpayer may not deduct a personal, living, or family expense unless the Code expressly provides otherwise. Sec. 262(a).

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Whether an expenditure is ordinary or necessary is a question of fact. Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

Normally, the Court may estimate the amount of a deductible expense if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). This principle is often referred to as the Cohan rule. See, e.g., Estate of Reinke v. Commissioner, 46 F.3d 760, 764 (8th Cir. 1995), aff'g T.C. Memo. 1993-197. Certain expenses, such as travel, specified in section 274 are subject to strict substantiation rules. No deductions under section 162 shall be allowed for "listed property", as defined in section 280F(d)(4), "unless the taxpayer substantiates [the expenses] by adequate records or by sufficient evidence corroborating the taxpayer's own

[*6] statement". Sec. 274(d)(4). Listed property includes passenger automobiles and other property used for transportation. Sec. 280F(d)(4)(A)(i) and (ii).

Notably, section 274(d) overrides the Cohan rule. Boyd v. Commissioner, 122 T.C. 305, 320 (2004); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985) (flush language) (noting that section 274 supersedes the Cohan rule). Therefore, this Court is precluded from estimating any expenses that are covered by section 274(d).

Mr. Gildea, MediaNavi's CFO, testified that petitioner performed consulting services for him. He further testified that MediaNavi consistently reimbursed petitioner's business expenses.

Petitioner testified that he incurred travel expenses for 2016 while working for MediaNavi and NBCUniversal. Petitioner was not able to substantiate these expenses. Furthermore, Mr. Gildea testified that petitioner was reimbursed for travel expenses.

Some of petitioner's reported travel expenses related to a trip to Blackfoot, Idaho. He testified that his trip involved looking at land that he inherited from his father. We need not address whether petitioner properly substantiated these expenses because they were related to personal travel and therefore cannot be deductible as ordinary and necessary business expenses. Petitioner failed to

**[\*7]** substantiate the travel expenses reported on his 2016 Schedule C. Accordingly, respondent's disallowance of the deduction is sustained.

Petitioner testified that he hired people to help with construction-related projects, including demolition and hauling trash. Petitioner listed on his 2016 Schedule C that Grupo Fortuna was a sales and consulting business, not a construction business. He did not substantiate the reported contract labor expenses. We sustain the disallowance of the deduction for contract labor expenses.

Petitioner did not provide any evidence to support expenses reported on his Schedule C for 2017. Therefore, respondent's disallowance of petitioner's claimed Schedule C deductions is sustained.

<u>An appropriate decision will be entered</u>.